ELLIS, Judge.
This suit was filed as the result of a collision between a Chevrolet Automobile, property of the plaintiff' and being driven by one Joseph Stevens, and an Oldsmobile, property of the defendant, Keller, which is alleged to have occurred about 10:30 P.M. on February 9, 1950 at the intersection of East Boulevard and Lettsworth Street in the City of Baton Rouge.
The defendant’s answer was a general denial and an affirmative plea of freedom from negligence and an alternative plea of contributory negligence.
The case was duly tried on April 24, 1951 and oral judgment rendered at the conclusion of the trial in favor of the defendant and against the plaintiff, denying and rejecting plaintiff’s demands and dismissing his suit at his cost. From this judgment the plaintiff has appealed.
This case poses purely and simply a question of fact. The plaintiff contends that the accident occurred when Stevens was driving his Chevrolet Sedan on East Boulevard and the defendant, without any warning, backed or pushed his Oldsmobile which was headed west on Lettsworth Street, into East Boulevard and directly into the path of plaintiff’s car. On the other hand the defendant claims that his car was parked on Lettsworth Street approximately 8 to 10 feet from East Boulevard facing West and that Stevens swerved his car into Letts-worth Street a sufficient distance- to strike the defendant’s car on his right rear fender and side, knocking it completely around into a yard along side which it was parked.
First, it must, therefore, be decided whether the defendant pushed or backed his car from Lettsworth Street into East Boulevard in front of plaintiff’s car or whether plaintiff’s car left East Boulevard and struck the defendant’s car.
The testimony is brief, conflicting and confusing. Pictures and a plat showing the scene and the intersection oí East Boulevard and Lettsworth Street were introduced in evidence by consent on the refusal of a motion for rehearing.
Stevens, driver of plaintiff’s car, testified that he was attending the Baton Rouge Vocational Training School and had taken the plaintiff’s automobile there to check the motor and had put new spark plugs in it, and just prior to the accident he was on his way to return the car to plaintiff and was driving south on East Boulevard. When he -arrived within 20 or 25 feet of the intersection of Lettsworth Street with East Boulevard he saw the defendant’s car “running backwards out into the street,” and that he blew his horn and applied his brakes but could not stop before striking defendant’s car. He testified positively that he saw two men, whom he identified as defendant and his father, pushing defendant’s car backwards into East Boulevard.
On the other hand the defendant testified that he had parked his car temporarily approximately 8 to 10 feet from the paved portion of East Boulevard on Lettsworth Street. As an explanation of the distance of the rear end of the car from East Boulevard, the defendant testified that he left sufficient distance for the bus which stopped at that corner to clear his car. It is therefore possible that his estimate of ■ 8 to 10 feet is wrong. He testified that as he and his father approached the car to drive to the hospital to visit his brother whom he *113 had learned had been shot, he saw plaintiff’s car coming at a fast speed racing with another car, and realizing plaintiff’s car was coming straight toward his car and was going to strike it he “hollered” to his father to run and the defendant ran back across the street.
Aside from the testimony of the defendant and the driver of plaintiff’s automobile, we have the testimony of a City Police Officer Walker Franklin, who visited the scene of the accident with a fellow officer named Gatlin and who did not testify in the case but about whom Franklin testified, “He done most of the talking and he wrote the case up.” Under cross-examination he stated, “I couldn’t testify as to what the driver told him,” referring to Officer Gat-lin. However, later on in the examination he testified that he heard the defendant make the statement to Gatlin that “he was 'backing out of Lettsworth Street.” The officer testified that it was drizzling and the pavement was wet and he could not locate the point of collision. The record shows that Lettsworth Street is a- graveled street while East Boulevard is a two lane paved street. It would seem that there should have been some marks and there probably were on the graveled portion of Lettsworth Street under either version of the accident. However, the record shows no testimony on this point.
The father of the defendant, whom the record shows was an old man, did not testify; however, no reason is shown by the record nor is the question raised by counsel for plaintiff.
The unexplained pictures and map which were introduced in evidence at the time the motion for rehearing was taken up show a post on the north side of Letts-worth Street a distance of 6 feet from the edge of the paved portion of the right hand lane of East Boulevard. If defendant’s car was parked 8 feet or further west of East Boulevard, it would have been practically impossible under the facts as shown in this record for the accident to have occurred as the defendant testified. On the other hand, if an estimation of 8 to 10 feet is erroneous and the rear end of the car was against the fence in front of the residence shown in the pictures at the corner of Lettsworth and East Boulevard, then it is entirely possible for the plaintiff to have swerved and struck the right hand rear portion of defendant’s car, for this fence, according to the pictures, was approximately 3 or 4 feet from the edge of the paved portion leaving a clearance of 3 or 4 feet east of the post.
Another fact in favor of the plaintiff is the testimony of the police officer that the defendant told him he was backing out into Lettsworth Street, however, the officer is unable to identify the defendant and after testifying that he could not say what was told by the drivers of the cars to> officer Gatlin, he then made the statement that he heard the defendant tell Officer Gatlin that he had backed into the street. The testimony is weakened by the fact that the driver of plaintiff’s car testified that defendant and his father were pushing his car into East Boulevard, not driving it. In addition, after the accident the front end of the car was undamaged and the motor started and it was driven away under its own power, therefore, there would have been no necessity for defendant and his father to have been pushing the automobile. Also, the defendant denied having told the officer that he was backing the car into East Boulevard when the collision occurred and stated that the driver of plaintiff’s car made such a statement to the officer.
Another strong circumstance or fact in favor of the defendant’s version of the accident is his testimony that the case had been referred to' the City Court or charges had been made in the City Court and that Stevens came to his home and told him that he would fix the car “and if I filed suit he would get in trouble with the Veteran’s Administration, and that is why I didn’t let it go to Court.”
In speaking of the City Court charge or trial the defendant testified:
“Q. Were you summoned into Court? A. Yes, sir.
“Q. Was the case ever tried? A. No> sir, because he knowed he was wrong and he coming begging me to my house to throw the case out and he *114 would fix my car soon as he got through with the other and get his brother out of the trouble.
“Q. And did you agree to help get the case thrown out of City Court ? A. I went myself in his car, me and him and a fellow staying in my brother-in-law’s house now, and we went to City Court and got it throwed out and he said * *
Stevens, driver of plaintiff’s car, never denied this testimony.
As the Lower Court had the opportunity of hearing and seeing the witnesses, and after a careful review of the testimony, we see no manifest error in his judgment, and it is, therefore, ordered that it be affirmed.